IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.Q.

05 AUG -5 PM 2: 30

THOMAS M. GOULD
CLERK, US. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| GARY FITZGERALD REEVES, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 05-2166-Ma/An |
| | X | |
| CHARLES TRAUGHBER, et al., | X | |
| | X | |
| Defendants. | X | |
| | X | |

ORDER ASSESSING $150 FILING FEE
AND
ORDER TO ISSUE AND EFFECT SERVICE OF PROCESS

Plaintiff Gary Fitzgerald Reeves, Tennessee Department of Correction prisoner number 217481, an inmate at the West Tennessee State Penitentiary ("WTSP")[1] in Henning, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on February 25, 2005. The Clerk shall record the defendants as Charles Traughber, as chairman of the Tennessee Board of Probation and Paroles and in his individual capacity, and the State of Tennessee.[2]

---

[1] The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] It appears that defendant Traughber is being sued in his individual and official capacities. To ensure that service is properly made, the Court has listed the defendants to make clear that service must be made both on the State of Tennessee and on Traughber individually.

I.   <u>Assessment of Filing Fee</u>

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[3] The <u>in forma pauperis</u> statute, 28 U.S.C. § 1915(a), merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted both an <u>in forma pauperis</u> affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's

---

[3]   Because this complaint was filed prior to March 7, 2005, the new filing fee of $250 is not applicable.

2

account, the prison official shall immediately withdraw those funds
and forward them to the Clerk of Court, until the initial partial
filing fee is paid in full.

It is further ORDERED that, after the initial partial
filing fee is fully paid, the trust fund officer shall withdraw
from the plaintiff's account and pay to the Clerk of this Court
monthly payments equal to twenty percent (20%) of all deposits
credited to plaintiff's account during the preceding month, but
only when the amount in the account exceeds $10.00, until the
entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to
the Court as required by this order, he shall print a copy of the
prisoner's account statement showing all activity in the account
since the last payment under this order and file it with the Clerk
along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of
Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on
the first page of this order.

If plaintiff is transferred to a different prison or
released, he is ORDERED to notify the Court immediately of his
change of address. If still confined he shall provide the officials
at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WTSP to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

II.  Issuance of Service

It is ORDERED that the Clerk shall issue process for the defendants and deliver said process to the marshal for service. A copy of this order shall be served on the defendants along with the summons and complaint. Service shall be made on defendant Traughber, individually, pursuant to Fed. R. Civ. P. 4(e) and Tenn. R. Civ. P. 4.04(1) & (10), either by mail or personally if mail service is not effective. Service shall be made on the State of Tennessee pursuant to Fed. R. Civ. P. 4(j)(2) and Tenn. R. Civ. P. 4.04(6) & (10). All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for each defendant, or on any defendant that has no attorney. The plaintiff shall make a certificate of service on every document

filed. The plaintiff shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.

The plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this ____5th____ day of August, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02166 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

Gary Fitzerald Reeves
WEST TENNESSEE STATE PENITENTIARY
217481
P.O. Box 1150
Henning, TN 38041--115

Honorable Samuel Mays
US DISTRICT COURT